RONEY, Senior Circuit Judge, dissenting:

I respectfully dissent. This is apparently the first case in which a court of appeals has ever reversed a district court's departure downward for reasons such as those set forth here, reasons that have been dubbed "cultural differences." Every case cited in the briefs and in the court's opinion have simply refused to reverse a district court's denial of a downward departure based on cultural differences.

I agree with Chief Judge Becker's dissent in *United States v. Yu*, 954 F.2d 951, 957-59 (3rd Cir 1992), where he concluded that the Sentencing Commission has not rejected consideration of a defendant's culture in making sentencing decisions.

Thus, in my judgment, the district court had discretion to depart downward under the guidelines. The issue is whether the district court abused that discretion. I believe that the integrity and purpose of the sentencing guidelines require appellate courts to be slow to encroach on the discretion given to the sentencing courts. District court judges sit in a preferred position to understand the justice of each situation, while we must learn what we can from reading a cold record. Because district courts have an "institutional advantage" in determining when a case falls outside the heartland of guidelines cases, we should not substitute our own judgment unless a district court has abused its discretion. *Koon v. United States*, 518 U.S. 81, 98-99 (1996).

The very idea of discretion means that a sentencing court could go either way and not be wrong on appeal. In this case, I would not encroach upon that discretion, but would affirm, leaving the exercise of that discretion to the district court. The Supreme Court has explained that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every

convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon*, 518 U.S. at 113. In this case, the defendant was a Japanese citizen who had only traveled to the United States twice before. The district court found that his offense "could be well the result of the cultural differences and his misunderstanding for the laws and the forms," and granted a three-level downward departure. I believe that the district court did not abuse its discretion.